MOLLY M. REZAC
Nevada Bar No. 7435
molly.rezac@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775.440.2373
Facsimile: 775.440.2376

*Attorneys for Defendant,*
*Unimacts Global, LLC*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NEBOJSA JANEVSKI, an individual,<br><br>                  Plaintiff,<br>vs.<br><br>UNIMACTS GLOBAL, LLC, a foreign limited liability company,<br><br>                  Defendant. | Case No.:   2:25-cv-00497-APG-MDC<br><br>**[PROPOSED] STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH L.R. 26-1(b)** |

Plaintiff Nebojsa Janevski ("Plaintiff") and Defendant Unimacts Global, LLC ("Defendant"), by and through their respective attorneys of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b).

**I.     Procedural History**

Plaintiff filed his Complaint in this Court on March 14, 2025. (ECF No. 1.) Defendant filed its Answer to Plaintiff's Complaint on June 26, 2025. (ECF No. 9.)

**II.    Fed. R. Civ. P. 26(f) Meeting**

On July 23, 2025, Trevor J. Hatfield, counsel for Plaintiff and Molly M. Rezac, counsel for Defendant, participated in the Fed. R. Civ. P. 26(f) conference.

**III.   Initial Disclosures**

Pursuant to Fed. R. Civ. P. 26(f)(3)(A), the parties stipulate that there shall be no changes to the form or requirement for disclosures under FRCP 26(a). The parties have stipulated that

disclosures under FRCP 26(a) shall be due on or before August 8, 2025 which is sixteen (16) days from July 23, 2025, the Rule 26(f) Conference with Plaintiff's counsel.

**IV.     The Subjects on Which Discovery Will Be Conducted**

The parties agree that discovery will be needed on the Plaintiff's claims and causes of action, damages, as well as the Defendant's defenses to the same consistent with the Federal Rules of Civil Procedure and the Local Rules of this District. The parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case subject to the limitations imposed by Rule 26(b)(2).

**V.      Issues Related to The Disclosure or Discovery Of Electronically Stored Information**

The parties believe that this case may involve or require the inspection or production of some electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced in paper format, as a readable image (e.g., .pdf, .jpg, or .tiff) file, or via hard electronic copy (e.g., CD_ROM, DVD, or Dropbox.com) while reserving the right to seek ESI thereafter if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure and LR 26-1(b)(9).

**VI.     Issues Regarding Privilege or Protection**

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each taking reasonable steps to identify and prevent the disclosure of any document (or information) that they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once

1  the producing party provides such notice to the requesting party, the requesting party must
2  promptly, meaning within three business days, return the specified document(s) and any copies
3  thereof or destroy it and provide confirmation that it was destroyed.  By complying with this
4  obligation, the requesting party does not waive any right to challenge the assertion of privilege and
5  request an order of the Court denying such privilege.

**VII.    Alternative Dispute Resolution**

The parties hereby certify that they have met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration. The parties believe private mediation may be beneficial later in the case. The parties will meet and confer about it further.

**VIII.    Alternative Forms of Case Disposition**

Pursuant to LR 26-1(b)(7 ) and (8), the parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program.  At this time, the parties do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

**IX.    Electronic Evidence**

Pursuant to LR 26-1(b)(8), the parties hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. Discussions between the parties will be ongoing as the trial date approaches, and the parties stipulate that they intend to present any electronic evidence in a format compatible with the court's electronic jury evidence display system.

**X.    Discovery Plan**

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court.  The parties propose to the Court the following cut-off dates:

a.    **Discovery Cut-off Date**:   The discovery cut-off deadline shall be **Tuesday, December 23, 2025,** 180 days from the date of Defendant's Answer to the Complaint in this case, which was filed on June 25, 2025.

  **b.** **Amending the Pleadings and Adding Parties**:  The deadline to amend pleadings or add parties shall be **Wednesday, September 24, 2025**, ninety (90) days prior to the discovery cut-off date.

  **c.** **Expert Disclosures**:  The expert disclosure deadline shall be **Friday, October 24, 2025,** sixty (60) days prior to the discovery cut-off date. Rebuttal expert disclosures shall be made by **Monday, November 24, 2025,** thirty-one (31)[1] days after the initial disclosure of experts.

  **d.** **Dispositive Motions**:  Dispositive motions shall be filed by **Thursday, January 22, 2026,** which is thirty (30) days after the discovery cut-off date

  **e.** **Pretrial Order**:  The Pretrial Order shall be filed not later than **Monday, February 23, 2026[2],** thirty (30) days after the deadline for filing dispositive motions date. In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

  **f.** **Fed. R. Civ. P. 26(a)(3) Disclosures**:  The pretrial disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the final pretrial order in accordance with LR 26-1(b)(6).

**XI.** **Extensions or Modifications of the Discovery Plan and Scheduling Order**

The parties submit the above Proposed Discovery Plan in good faith but the parties recognize that based on the Defendant's Answer and affirmative defenses raised therein, the scope of discovery may alter at a time in the future, requiring a stipulation to extend these proposed deadlines. The parties agree to work together in good faith under such circumstances. In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made within 21 days of the subject deadline will

---

[1] Pursuant to FRCP 6(a)(1)(C), if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Here, the pretrial deadline would fall on Sunday, November 23, 2025, therefore, pursuant to FRCP 6(a)(1)(C), the deadline is Monday, February 24, 2025.

[2] *Id*.  Here, the pretrial order deadline would be Saturday, February 21, 2026, therefore, pursuant to FRCP 6(a)(1)(C), the pretrial order deadline is Monday, February 23, 2026.

1  be supported by a showing of good cause. Any stipulation or motion will comply fully with LR 26-
2  4.

3  DATED this 31st day of July, 2025.                    DATED this 31st day of July, 2025.

5  HATFIELD & ASSOCIATES, LTD. APC                        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

6  /s/ Trevor J. Hatfield                                 /s/ Molly M. Rezac
7  Trevor J. Hatfield                                     Molly M. Rezac
   Nevada Bar No. 7373                                    Nevada Bar No. 7435
8  703 South Eighth Street                                200 S. Virginia Street, 8th Floor
   Las Vegas, Nevada 89101                                Reno, NV 89501
9  *Attorneys for Plaintiff,*                             *Attorneys for Defendant,*
10 *Nebojsa Janevski*                                     *Unimacts Global, LLC*

12                                                **ORDER**

13         IT IS SO ORDERED.

15                                                 _____
16                                                 UNITED STATES MAGISTRATE JUDGE

17                                                 8-4-25
                                                   DATED

- 5 -                                                                        91326389.v1-OGLETREE